IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

EDWIN R. TORRES,                )
                                ) CA No. 12-181
        Plaintiff,               )
                                )
    V.

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

**OPINION AND ORDER**

**SYNOPSIS**

In this action, Plaintiff filed applications for SSI and Disability Insurance Benefits on April 10 and 16 of 2008. The state agency denied benefits, and Plaintiff requested and received a hearing, which took place on June 11, 2010. Following the hearing, the ALJ issued an unfavorable decision on August 13, 2010. The Appeals Council denied Plaintiff's request for review. Presently before the Court are the parties' Motions for Summary Judgment. At issue are the ALJ's conclusions regarding Plaintiff's mental impairments only.

For the following reasons, Plaintiff's Motion will be granted, and Defendant's denied. This matter will be remanded for further proceedings.

**OPINION**

**I.  STANDARD OF REVIEW**

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3) 7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the

district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947).

While the ALJ need not discuss every piece of evidence in the record, he must provide at least a glimpse into his reasoning. Zurawski, 245 F.3d at 889. "Even if enough evidence exists in the record to support the decision, [the court] cannot uphold it if 'the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result.'" Hodes v. Apfel, 61 F. Supp. 2d 798, 806 (N.D. Ill. 1999) (quoting Sarchet v. Chater, 78 F.3d 305, 307 (1996)).

**II. FACTS**

In his decision, the ALJ concluded that Plaintiff's schizophrenia, major depression, recurrent, with psychotic features, mild mental retardation, and alcohol abuse were severe impairments. He found, however, that the claimant's mental impairments did not meet or exceed a listed impairment, and found an RFC of light work, with pertinent limitations of simple and repetitive

tasks involving work processes and setting, not involving high stress, not engaging in teamwork, and not engaging in any interaction with the public as an integral aspect of the job. Overall, the ALJ found that the objective medical record did not support allegations of disabling mental impairments.

The record reflects that Plaintiff was conservatively treated for depression, and was treated with medications. Plaintiff was treated by Dr. Esper and Simora at MHEDS in August and early September, 2008, when he was diagnosed with major depression, with psychotic features, and auditory hallucinations were noted. He was placed on increased doses of Celexa, and on Seroquel.

On September 23, 2008, at the Defendant's directive, Dr. Glenn Bailey performed a consultative exam. Dr. Bailey recommended that Plaintiff consider admitting himself into a psychiatric unit, and diagnosed Plaintiff with major depression, recurrent with psychotic features. He noted a poor ability to function on a daily basis. He assigned Plaintiff a GAF of 40, to which the ALJ assigned little weight, stating that it resulted from a one-time exam and was inconsistent with the Plaintiff's longitudinal history. Dr. Bailey then checked boxes for moderate and slight impairments in various areas. The ALJ afforded this part of Dr. Bailey's opinion "weight," albeit in an unspecified degree, because Dr. Bailey was an examining source and the specified level of impairments was supported by the evidence.

On October 7, 2008, Dr. Jan Melcher reviewed Plaintiff's medical records, but did not examine Plaintiff. Dr. Melcher, a state agency psychologist, came to the conclusion that Plaintiff could meet the basic mental demands of competitive work on a sustained basis, despite the limitations resulting from his impairment. Because he deemed this conclusion consistent with the medical evidence, the ALJ gave Dr. Melcher's opinion great weight.

Subsequently, in October, 2009, Plaintiff went to Community Health Net. He stated that he was seeing Dr. Esper (identified as Plaintiff's PCP) and Dr. Simora, but did not want to return to MHEDS. Community Health Net records from January, February, and April of 2010 reflect mental health treatment as well. Community Health Net referred Plaintiff to Stairways Behavioral Health.

In June, 2010, Plaintiff was evaluated by Dr. Matt Meyer at Stairways, and complained of depression, anxiety, and hallucinations. Dr. Meyer diagnosed Plaintiff with schizo-affective type schizophrenia, and prescribed Prozac, in addition to noting that the Seroquel would likely require adjustment. At that time, Dr. Meyer assigned a GAF of 45, which indicates severe symptoms. This ALJ gave this GAF little weight, explaining that the examination was conducted in an effort for claimant to obtain benefits, and Dr. Meyer was a one-time examiner. The ALJ also found that the GAF was inconsistent with Plaintiff's limited and sporadic mental health treatment history, which primarily consisted of medications.

### III. THE PARTIES' MOTIONS

In this case, the ALJ did not sufficiently explain his assignment of weight to various portions of the record, or his consideration of certain gaps in the record.

An administrative law judge certainly may rely on a non-examining physician's opinion. 20 C.F.R. § 404.1527(d). However, within this Circuit, courts have "consistently held that it is improper for an ALJ to credit the testimony of a consulting physician who has not examined the claimant when such testimony conflicts with testimony of the claimant's treating physician." Brownawell v. Comm'r, 554 F.3d 352, 357 (3d Cir. Pa. 2008). Although the report of a non-examining physician may constitute substantial evidence to grant or deny a claim, generally such

a report "deserves little weight in the overall evaluation of the testimony." Smith v. Schweiker, 671 F.2d 789, 792-93 (3d Cir. 1982).

Here, it is not wholly clear how the ALJ reconciled the opinions of the examining and non-examining sources. For example, the ALJ assigned little weight to the GAF score of 40 assigned by Dr. Bailey in 2008, stating that it resulted from a one-time exam and was inconsistent with the Plaintiff's longitudinal history. The GAF of 40 cannot, however, be considered inconsistent with the longitudinal history, because there was a GAF score of 45, in 2010, from examining source Dr. Meyer. Moreover, the ALJ gave little weight to the GAF, but despite the one-time exam, gave weight to Dr. Meyer's "check mark" findings regarding Plaintiff's limitations. The ALJ gave the 2010 GAF little weight, because that the examination was conducted in an effort for claimant to obtain benefits, and Dr. Meyer was a one-time examiner. The ALJ also found that the GAF was inconsistent with Plaintiff's limited and sporadic mental health treatment history, which primarily consisted of medications. The ALJ neither explains his conclusion that Plaintiff visited Dr. Meyer solely in an effort to obtain benefits, for which I discern no support in the record, nor his conclusion that treatment by medication alone is inconsistent with a low GAF. Although the Commissioner correctly observes that GAF scores are not dispositive, the scores must still be considered along with all the evidence.

It is further unclear why the ALJ found non-examining source Dr. Melcher's opinion unqualifiedly deserving of significant weight. First, he stated that Dr. Melcher's opinion was consistent with Plaintiff's "irregular mental health treatment," which was limited to medications. The basis for this conclusion about Plaintiff's treatment is subject to doubt, as treatment appears to have been virtually continuous, with relatively brief lapses, between 2008 and 2010. In any

event, "[i]n the case of a mental impairment, a lapse in treatment or failure to treat alone is not a basis for finding that the claimant is not disabled. The ALJ must consider why the claimant failed to treat, or sporadically treated, for the mental condition." Wooten v. Astrue, 2012 U.S. Dist. LEXIS 178413 (E.D. Pa. Dec. 17, 2012). This was not done.[1] Moreover, as Plaintiff points out, Dr. Melcher's opinion did not take into account significant medical treatment records that postdated her review.

As a related matter, I am somewhat concerned about the potential gap in the record relating to Plaintiff's mental health treatment. For example, the record suggests that Plaintiff was treated by Drs. Simora and Esper from March, 2008 through July, 2009, and received medications from those physicians.[2] The ALJ has an affirmative duty to develop the record. Although the ALJ makes passing reference to the fact that these physicians prescribed mental health medications to Plaintiff, and the records proffered from these the treating sources are admittedly slim, they seem to have received short shrift. "Remand is necessary where 'relevant, probative and available evidence was not explicitly weighed in arriving at a decision on the plaintiffs claim for disability benefits.'" Dobrowolsky v. Califano, 606 F.2d 403, 407 (3rd Cir. 1979) (citation omitted). The ALJ should be given this opportunity to demonstrate that he did, in fact, consider all available evidence relating to Plaintiff's treating physicians.

---

[1] As an aside, I, like Plaintiff, am uncertain as to why Plaintiff's ability to engage in certain activities of daily living – watching television, attending medical appointments, going outside daily, shopping weekly, doing "a lot" of walking and exercising, and being "generally" independent in personal care – is inconsistent with mental disability.
[2] Defendant erroneously states that there is no evidence that Plaintiff received any treatment at MHEDS after September, 2008. The record contains progress notes from Drs. Simora and Esper from 6/5/08 to 7/7/ 09. Those records contain references to Plaintiff's mental health.

6

## CONCLUSION

For the foregoing reasons, this matter will be remanded for further evaluation and clarification of the ALJ's assessment of the medical evidence. Overall, the ALJ's decision appears to reflect what was, perhaps, the parties' focus on Plaintiff's allegations of physical disability, with less attention given to the evidence of mental impairment. Thus, it is unclear that many of the conclusions are supported by substantial evidence. The ALJ now has the opportunity to carefully consider the evidence of mental impairment in isolation, and to more fully explain his findings. An appropriate Order follows.

## ORDER

AND NOW, this 24th day of January, 2014, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion is GRANTED, and Defendant's DENIED. This matter is remanded for further proceedings consistent with the foregoing Opinion.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Senior Judge, U.S. District Court